Johnathan Greenway, Esq. (SB 313850)
Gator Law, P.C.
2 N Central Avenue, Suite 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com

Attorneys for Plaintiff,
KENNETH WEAVER

**UNITED STATES DISTRICT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| KENNETH WEAVER<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW COMES Plaintiff, KENNETH WEAVER ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"):

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in Houston County, in the City of Stewart, in the State of Tennessee.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EXPERIAN is a corporation headquartered in Costa Mesa, California.

5. Defendant EXPERIAN is a "person," as that term is defined by 15 U.S.C. § 1681a(b).

6. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees,

sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding a credit account Plaintiff had with LVNV Funding, LLC ("LVNV").

13. CRAs, including EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with LVNV, an inaccuracy found in the credit report published by EXPERIAN. The following is a description of the inaccuracy and failures of EXPERIAN to investigate and update its reporting of the account in question:

16. On or about September 11, 2025, Plaintiff and LVNV entered into an agreement to settle an account ending in x8156 ("the Account") for $312.00.

17. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $312.00 on or around September 19, 2025, fully satisfying the settlement agreement and the Account.

18. On December 4, 2025, Plaintiff received a copy of his credit report from EXPERIAN.

19. To his surprise, despite Plaintiff's performance under the terms of the settlement agreements, LVNV furnished incorrect information regarding the Account to EXPERIAN.

20. Specifically, EXPERIAN reported the Account rating as "Collection/Charge-Off" with a balance of $2,558.00 even though the Account was paid and settled in September 2025. Additionally, EXPERIAN failed to accurately report the payment history on the Account.

21. EXPERIAN's failure to report the Account correctly, including its failure to report the accurate ratings, balances, and failure to accurately report the payment histories on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On December 15, 2025, Plaintiff issued a dispute by mail to EXPERIAN regarding the incorrect information being reported on the Account.

23. In his dispute letter, Plaintiff included his full name, mailing address, date of birth, and complete social security number in the dispute letter to aid EXPERIAN in identifying him. Plaintiff also included proof of the agreement between himself and Capital One and proof of the payment made in satisfaction of the agreement to show that the Account was reporting inaccurately.

24. Upon information and belief, pursuant to its obligations under the FCRA, EXPERIAN notified LVNV of Plaintiff's dispute within five days of receipt of the dispute.

25. Further, upon information and belief, EXPERIAN would have sent the documentation Plaintiff included in his dispute letter to LVNV including the terms of the settlements and proof of the payments.

26. Despite his very specific dispute and accompanying documents supporting his dispute, EXPERIAN's second report, received by Plaintiff on or around February 3, 2026, reiterated the same inaccuracies. This credit report continued to misreport the outstanding balance of $2,558.00 and with no change in the Account's status or the reported payment history.

27. At the time of filing this complaint, EXPERIAN continues to report the Account as having a balance owed and inaccurately reports the status and payment history of the Account.

28. Upon information and belief, EXPERIAN continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letter.

29. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

30. If EXPERIAN had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

31. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

32. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

33. Because of his concern over the effects Defendant's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EXPERIAN INFORMATION SOLUTIONS, INC.
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

37. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. Further, after Plaintiff's disputes put EXPERIAN on notice of likely inaccuracies and reasons to doubt the correctness of the reporting of its creditor-customers, EXPERIAN ignored that information and did not use any human or substantive review to confirm and verify that its procedures were ensuring maximum possible accuracy of Plaintiff's credit reports.

39. EXPERIAN furnished multiple consumer reports to third parties containing the inaccurate tradeline information disputed by Plaintiffs and it did so after receiving notice of these inaccuracies.

40. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN INFORMATION SOLUTIONS, INC.**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

43. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

44. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

45. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;
b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;
c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and
d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 03/09/2026

By: */s/ Johnathan Greenway*

Johnathan Greenway
Gator Law, P.C.
2 N Central Avenue, Suite 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com
Attorney for Plaintiff,
KENNETH WEAVER